Chief Justice Robertson,
delivered the opinion of the court.
On the application of William Robinson, the county court of Madison made an order for changing the road, in said county, • from “Old Town,” to *9 Hawkins’ Mill. On a writ of error to this court, the order was reversed and the case was remanded for fuither proceedings. On the return of the case to the county court, the persons, through whose land the proposed road would run, having been summoned, and damages having been assessed in favor of one of them (Carey Hawkins,) an order was made for changing the old road, and judgment was rendered in favor of Robinson, against Carey Hawkins and others, for costs expended by Robinson. Hawkins prosecutes this writ of error, to reverse the order and judgment of the county court.
A proceeding court tdbs-y ¿r^disconti due cannot in any form it raay tllere sume, be cfon'sídered a suit
Applicant :’for the éstáblishcontinuance of a road, is t °4oststle^ if he succeed ;in‘his applicaJr person who mayopposeit, hable for JJunty court-,
The order appointing viewers, was irregular, and the report of the viewers was insufficient. The former did not sufficiently describe the alteration which had been proposed.
The latter did not show that the old road had been viewed. But as this court reversed the order establishing the road, on other grounds, and, by its mandate, virtually sustained the report of the viewers, the errors. which have been suggested, cannot nowafféct the' case; Birney vs. Hann, II Litt. Rep. 265*-
But errors have been committed since the return'"of the case from this court to the county court. noticing all the points presented in the record, two errors only will be considered, the one is an error in i n 1 law, the other is an error in fact.
1st. It was error to adjudge' costs to the defendant against the plaintiff in error. There is no statute aüthorizing such a judgment. And the act of 1797, II Dig. 1092, seems to be inconsistent with á right render such a judgment. It directs that the damages, and “the costs of the inquest,” shall be levied on the ■county, and “be paid to those respectively entitled thereto.” The establishment, alteration, or occlusion of public loads, is not intended for the benefit of the applicant for any such order, but for public convenience, The proceeding in the county court cannot, in anyforin it may there assume, be considered as a suit between individuals. The applicant, if he shall succeed, is entitled to no costs. The officers of the court may be entitled to costs. But for these, the county, or the ap *10 plicant is alone responsible. The applicant is not liable lor them, when his application shall have been successful; and consequently, he is not entitled to an}' judgment for them. Nor is any person, who may oppose the establishment,alteration,or discontinuance of a road, liable to a judgment foi costs in the county court. The whole proceeding in the county court, is for the public interest.
In the estahJishment anti alteration of public roads, the county court act judicial1 y ; they cannot act on their own personal knowledge, but must adjudicate upon the report of viewers, arid on •■•uch other facts as may be adduced, and if they err in judgment, or if the fat U do not justify their order, this court will reverse it.
2d. It has been abundantly proved by parol testimony in this court, that the alteration in the road, was not only not recommended by public convenience, but was inconsistent with the public interest. The report of the vieweis, itself, shows that the alteration would not promote public convenience, and that it would be advantageous to William Robinson alone. Under such circumstances, it must be admitted, that the county court has exercised its discretion improvidently and erroneously.
In establishing and altering public roads, the county courts act judicially. They .cannot act on their own personal knowledge, but must adjudicate, on the report of viewers, and on such other evidence as may be adduced. Their powers and duties are defined by law. If, therefore, they err in judgment, or if the facts do not justify their order, this court may, and should reverse it. . No individual’s property should be taken or used, without his consen^by a county court, unless the public interest requite the appropriation. And whenever piivate property shall be invaded by an order of a county court, without such public necessity, the owner has a right to relief in this court, although the only error in the proceedings of the county court, shall he an error in fact. In this case, the county court erred in consulting individual,instead of general convenience; and that error is shown as well by the record, as by extraneous evidence.
The evidence shows cleaily that the law has been perverted by the order of the county court of Madison, from public to private ends. However advantageous the alteration in the road may be to the defendant, it will be injurious to others, and inconvenient to the public.
Turner, for plaintiff.
Wherefore, the judgment for costs and the order establishing an alteration in the road, are reversed and set aside, and the cause remanded, with instructions to enter judgment for the costs of the inquestion against the defendant in error.